## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISON

| | |
|---|---|
| DYNAMIC NUTRITION SOLUTIONS LLC, | |
| Plaintiff, | Civil Action No. _____ |
| v. | |
| UNDER ARMOUR, INC. | **JURY TRIAL DEMANDED** |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Dynamic Nutrition Solutions LLC ("DNS" or "Plaintiff"), for its Complaint against Defendant Under Armour, Inc. ("Under Armour" or "Defendant"), alleges the following:

### NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

### THE PARTIES

2.      Plaintiff Dynamic Nutrition Solutions LLC is a limited liability company organized under the laws of the State of Texas with a place of business at 815 Brazos Street. Suite 500, Austin, TX 78701.

3.      Upon information and belief, Under Armour, Inc. is a corporation organized and existing under the laws of the State of Maryland, with a place of business at 1020 Hull Street, 3rd Floor, Baltimore, Maryland 21230.  Under Armour can be served with process through its registered agent The Corporation Trust Incorporated, at 351 West Camden Street, Baltimore, Maryland 21201.  Upon information and belief, Under Armour sells and offers to sell products and services throughout the United States, including in this judicial district, and introduces

products and services that perform infringing method into the stream of commerce knowing that they would be sold in this judicial district and elsewhere in the United States.

## JURISDICTION AND VENUE

4.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

5.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant because:  Defendant is present within or has minimum contacts within the State of Texas and this judicial district; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this judicial district; Defendant regularly conducts business within the State of Texas and within this judicial district; and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of Texas and in this judicial district.

7.      More specifically, Defendant, directly or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of Texas, and this judicial district including but not limited to the Accused Instrumentalities as detailed below.  Upon information and belief, Defendant has committed patent infringement in the State of Texas and this judicial district.  Defendant solicits and has solicited customers in the State of Texas and this judicial district.  Defendant has paying customers who are residents of the State of Texas and this judicial district and who each use and have used Defendant's products and services in the State of Texas and in this judicial district.

8.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b). On information and belief, Defendant has transacted business in this district, and has directly committed acts of patent infringement in this district.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,817,863

9.    The allegations set forth in the foregoing paragraphs 1 through 8 are incorporated into this First Claim for Relief.

10.    On November 16, 2004, U.S. Patent No. 6,817,863 ("the '863 patent"), entitled "Computer Program, Method, And System for Monitoring Nutrition Content of Consumables and for Facilitating Menu Planning," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '863 patent is attached as Exhibit 1.

11.    The inventions of the '863 patent resolve technical problems related to the use of an interactive databases to dynamically present information to consumers regarding food consumption and related data.  For example, the inventions enable a user to customize the database with nutritional content of foods, thereby modifying how the information stored in the database is presented to a particular user, enabling the user to adapt the program to more personally reflect eating habits and preferences.

12.    The claims of the '863 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet.  Instead, the claims of the '863 patent recite one or more inventive concepts that are rooted in computer technology, and overcome problems specifically arising in the realm of computer technologies such as customizable databases.

13.    The claims of the '863 patent recite an invention that is not merely the routine or conventional use of the Internet.  Instead, the invention makes use of an interactive database which can be customized to reflect a particular user's preferences for the data to be presented. The '863 patent claims specify how interactions with the Internet are manipulated to yield a desired result.

14.     The technology claimed in the '863 patent does not preempt all ways of using interactive, nor preempt the use of all interactive databases, nor preempt any other well-known or prior art technology.

15.     Accordingly, each claim of the '863 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

16.     DNS is the assignee and owner of the right, title and interest in and to the '863 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

17.     Defendant has and continues to directly infringe one or more claims of the '863 patent by making, using, selling, importing and/or providing and causing to be used computer implemented programs, which by way of example include Defendant's MyFitnessPal app (the "Accused Instrumentalities").

18.     Defendant was made aware of the '863 patent and its infringement thereof at least as early as the filing of this Complaint.

19.     Upon information and belief, since at least the time Defendant received notice, Defendant has induced and continues to induce others to infringe at least one claim of the '863 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '863 patent.

20.     In particular, Defendant's actions that aid and abet others such as its partners and customers to infringe include advertising and the Accused Instrumentalities and providing

instruction materials, training, and services regarding the Accused Instrumentalities.  On

information and belief, Defendant has engaged in such actions with specific intent to cause

infringement or with willful blindness to the resulting infringement because Defendant has had

actual knowledge of the '863 patent and knowledge that its acts were inducing infringement of

the '863 patent since at least the date Defendant received notice that such activities infringed the

'863 patent.

21.     Upon information and belief, Defendant is liable as a contributory infringer of the

'863 patent under 35 U.S.C. § 271(c) by offering to sell, selling, distributing, providing, and

importing into the United States computer implemented programs, as described above to be

especially made or adapted for use in an infringement of the '863 patent.  The Accused

Instrumentalities are a material component for use in practicing the '863 patent and are

specifically made and are not a staple article of commerce suitable for substantial non-infringing

use.

22.     Defendant's aforesaid activities have been without authority and/or license from

Plaintiff.

23.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff

as a result of Defendant's wrongful acts in an amount subject to proof at trial and in no event less

than a reasonable royalty, together with interest and costs fixed by this Court.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 6,953,342

24.     The allegations set forth in the foregoing paragraphs 1 through 15 are

incorporated into this First Claim for Relief.

25.     On October 11, 2005, U.S. Patent No. 6,953,342 ("the '342 patent"), entitled

"Computer Program, Method, And System for Monitoring Nutrition Content of Consumables

and for Facilitating Menu Planning," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '342 patent is attached as Exhibit 2.

26.    The inventions of the '342 patent resolve technical problems related to the use of an interactive databases to dynamically present information to consumers regarding food consumption and related data.  For example, the inventions enable a user to customize the database with nutritional content of foods, thereby modifying how the information stored in the database is presented to a particular user, enabling the user to adapt the program to more personally reflect eating habits and preferences.

27.    The claims of the '342 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet.  Instead, the claims of the '342 patent recite one or more inventive concepts that are rooted in computer technology, and overcome problems specifically arising in the realm of computer technologies such as customizable databases.

28.    The claims of the '342 patent recite an invention that is not merely the routine or conventional use of the Internet.  Instead, the invention makes use of an interactive database which can be customized to reflect a particular user's preferences for the data to be presented. The '863 patent claims specify how interactions with the Internet are manipulated to yield a desired result.

29.    The technology claimed in the '342 patent does not preempt all ways of using interactive, nor preempt the use of all interactive databases, nor preempt any other well-known or prior art technology.

30.     Accordingly, each claim of the '342 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

31.     DNS is the assignee and owner of the right, title and interest in and to the '342 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

32.     Defendant has and continues to directly infringe one or more claims of the '342 patent by making, using, selling, importing and/or providing and causing to be used computer implemented programs, which by way of example include the Accused Instrumentalities.

33.     Defendant was made aware of the '342 patent and its infringement thereof at least as early as the filing of this Complaint.

34.     Upon information and belief, since at least the time Defendant received notice, Defendant has induced and continues to induce others to infringe at least one claim of the '342 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '342 patent.

35.     In particular, Defendant's actions that aid and abet others such as its partners and customers to infringe include advertising and the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.  On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '342 patent and knowledge that its acts were inducing infringement of

the '342 patent since at least the date Defendant received notice that such activities infringed the '342 patent.

36.      Upon information and belief, Defendant is liable as a contributory infringer of the '342 patent under 35 U.S.C. § 271(c) by offering to sell, selling, distributing, providing, and importing into the United States computer implemented programs, as described above to be especially made or adapted for use in an infringement of the '342 patent.  The Accused Instrumentalities are a material component for use in practicing the '342 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

37.      Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

38.      Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial and in no event less than a reasonable royalty, together with interest and costs fixed by this Court.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 7,413,438

39.      The allegations set forth in the foregoing paragraphs 1 through 22 are incorporated into this First Claim for Relief.

40.      On August 19, 2008, U.S. Patent No. 7,413,438 ("the '438 patent"), entitled "Computer Program, Method, And System for Monitoring Nutrition Content of Consumables and for Facilitating Menu Planning," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '438 patent is attached as Exhibit 3.

41.      The inventions of the '438 patent resolve technical problems related to the use of an interactive databases to dynamically present information to consumers regarding food consumption and related data.  For example, the inventions enable a user to customize the

database with nutritional content of foods, thereby modifying how the information stored in the database is presented to a particular user, enabling the user to adapt the program to more personally reflect eating habits and preferences.

42.     The claims of the '438 patent do not merely recite the performance of some business practice known from the pre-Internet world along with the requirement to perform it on the Internet.  Instead, the claims of the '438 patent recite one or more inventive concepts that are rooted in computer technology, and overcome problems specifically arising in the realm of computer technologies such as customizable databases.

43.     The claims of the '438 patent recite an invention that is not merely the routine or conventional use of the Internet.  Instead, the invention makes use of an interactive database which can be customized to reflect a particular user's preferences for the data to be presented. The '863 patent claims specify how interactions with the Internet are manipulated to yield a desired result.

44.     The technology claimed in the '438 patent does not preempt all ways of using interactive, nor preempt the use of all interactive databases, nor preempt any other well-known or prior art technology.

45.     Accordingly, each claim of the '438 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

46.     DNS is the assignee and owner of the right, title and interest in and to the '438 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

47.     Defendant has and continues to directly infringe one or more claims of the '438 patent by making, using, selling, importing and/or providing and causing to be used computer implemented programs, which by way of example include the Accused Instrumentalities.

48.     Defendant was made aware of the '438 patent and its infringement thereof at least as early as the filing of this Complaint.

49.     Upon information and belief, since at least the time Defendant received notice, Defendant has induced and continues to induce others to infringe at least one claim of the '438 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners and customers, whose use of the Accused Instrumentalities constitutes direct infringement of at least one claim of the '438 patent.

50.     In particular, Defendant's actions that aid and abet others such as its partners and customers to infringe include advertising and the Accused Instrumentalities and providing instruction materials, training, and services regarding the Accused Instrumentalities.  On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '438 patent and knowledge that its acts were inducing infringement of the '438 patent since at least the date Defendant received notice that such activities infringed the '438 patent.

51.     Upon information and belief, Defendant is liable as a contributory infringer of the '438 patent under 35 U.S.C. § 271(c) by offering to sell, selling, distributing, providing, and importing into the United States computer implemented programs, as described above to be especially made or adapted for use in an infringement of the '438 patent.  The Accused

Instrumentalities are a material component for use in practicing the '438 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

52.     Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

53.     Plaintiff is entitled to recover from Defendant the damages sustained by Plaintiff as a result of Defendant's wrongful acts in an amount subject to proof at trial and in no event less than a reasonable royalty, together with interest and costs fixed by this Court.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, DNS demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dynamic Nutrition Solutions LLC demands judgment for itself and against Defendant as follows:

A.     An adjudication that Defendant has infringed the '863, '342, and '438 patents;

B.     An award of damages to be paid by Defendant adequate to compensate DNS for Defendant's past infringement of the '863, '342, and '438 patents, and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

C.     A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

D.     An award to DNS of such further relief at law or in equity as the Court deems just and proper.

Respectfully submitted,

Dated:  November 9, 2015                DEVLIN LAW FIRM, LLC


                                        */s/ Robert Kiddie*
                                        Robert Kiddie
                                        Texas Bar No. 24060092
                                        rkiddie@devlinlawfirm.com
                                        Timothy Devlin (*pro hac vice* to be filed)
                                        Delaware Bar No. 4241
                                        tdevlin@devlinlawfirm.com
                                        1306 N. Broom Street, 1st Floor
                                        Wilmington, Delaware 19801
                                        Telephone: (302) 449-9010
                                        Facsimile: (302) 353-4251

                                        *Attorneys for Plaintiff*
                                        DYNAMIC NUTRITION SOLUTIONS LLC